## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1803 | **DATE** | May 17, 2012 |
| **CASE TITLE** | Aaron Davies (B-63602) vs. Joseph Yurkovich | | |

**DOCKET ENTRY TEXT**

Petitioner having paid the $5.00 filing fee for his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, his motion to file the petition *in forma pauperis* [3] is denied as unnecessary. Respondent is directed to answer the petition or otherwise plead within 30 days this order is entered on the clerk's docket. Petitioner's motion for the appointment of counsel [4] is denied without prejudice. Lisa Madigan is dismissed as a Respondent. Petitioner will have 30 days from the date Respondent responds to the petition to reply.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Petitioner Aaron Davies, a Hill Correctional Center inmate, has filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. He challenges his February 5, 1995, conviction for murder and aggravated battery (Cook County Circuit Court 93 CF 27501). An initial review of his petition raises a question as to its timeliness.

Under 28 U.S.C. § 2244(d)(1), a petitioner generally has only one year from the date his conviction became final by direct review to file his § 2254 petition in this court. Petitioner's conviction appears to have become final on April 30, 1997, ninety days after the Illinois Supreme Court's January 29, 1997, denial of his petition for leave to appeal the affirmance of his conviction. *See People v. Davies*, 677 N.E.2d 967 (Ill. Jan. 29, 1997); *see also Martinez v. Jones*, 556 F.3d 637, 638 (7th Cir. 2009) (for purposes of § 2244(d)(1)(A), a conviction becomes final upon the expiration of the 90-day period to file a petition in the United States Supreme Court for certiorari review). Petitioner's § 2254 petition thus was initially due in April 1998; however, the one-year limitations period may be tolled while a properly filed state post-conviction petition was pending in state court. *See* § 2244(d)(2). Petitioner's § 2254 petition indicates that he had five state post-conviction petitions, and it is possible that properly filed state petitions sufficiently tolled the limitations period such that his § 2254 petition is timely. Such a determination cannot be made on the basis of the petition alone, however, and the court is uncertain that Petitioner would be able to gather the information necessary to demonstrate that his petition was timely.

Accordingly, the court directs Respondent to answer the petition or otherwise respond within 30 days of the date this order is entered on the clerk's docket. Respondent may address the issue of the timeliness of the petition in his response. Petitioner will have 30 days from the date Respondent files his response to the petition to reply.

Petitioner's motion for appointment of counsel is denied at this time. Counsel may be appointed if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c), Rules Governing Section 2254 Cases. However, counsel is not necessary at this stage of the proceedings.

Petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care

**STATEMENT**

of the Prisoner Correspondent. Petitioner must provide the court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. Additionally, he must send an exact copy of any court filing to the Chief of the Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by Petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by this Court or returned to Petitioner.

      Finally, Illinois Attorney General Lisa Madigan is dismissed as a Respondent. The Attorney General is properly named in a habeas petition only if the petitioner is challenging a sentence he has not yet begun serving. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996); *see also* Rules 2(a) and (b) of the Rules Governing Section 2254 Cases. In this case, Petitioner is challenging his current confinement, not any sentence to be served in the future. The proper Respondent is the warden of Petitioner's current place of confinement. *See Bridges v. Chambers*, 425 F.3d 1048, 1049 (7th Cir. 2005).