**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *ex rel.,*    ) | |
| **AARON DAVIES,**    ) | |
|    ) | |
| **Petitioner,**    ) | |
|    ) | |
| **v.**    ) | **No. 12 C 1803** |
|    ) | |
| **KEVWE AKPORE, Warden,**    ) | **Judge Rebecca R. Pallmeyer** |
| **Hill Correctional Center,**    ) | |
|    ) | |
| **Respondent.**    ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Aaron Davies is a prisoner in the custody of Respondent Joseph Yurkovich, Warden of Hill Correctional Center. Petitioner was convicted of first-degree murder and aggravated battery in state court on December 7, 1994. Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 12, 2012. Respondent moved to dismiss the petition as untimely under 28 U.S.C. § 2244(d)(1) on July 11, 2012. For the reasons stated below, Respondent's motion to dismiss the petition [11] is granted.

## FACTUAL BACKGROUND

On December 7, 1994, Petitioner was convicted of first-degree murder and aggravated battery following a jury trial in the Circuit Court of Cook County, Illinois. *See People v. Davies*, No. 1-09-3003, 2011 WL 10065508, *1 (1st Dist. Ill. App. Ct. Mar. 25, 2011). He was sentenced to a 40-year term of imprisonment for the murder and a consecutive 25-year term for the aggravated battery. On June 4, 1996, the Illinois First District Appellate Court affirmed the conviction and sentence on direct appeal. (Rule 23 Order [11-1], Ex. A to Resp't's Mot. to Dismiss Pet'r's Pet. for a Writ of Habeas Corpus as Untimely (hereinafter "Resp't's Mot."), at 10.) The Illinois Supreme Court denied Petitioner's petition for leave to appeal ("PLA") on January 29, 1997. *People v. Davies*, 171 Ill.2d 571, 677 N.E.2d 967 (Ill. 1997) (Table). Petitioner did not seek a writ of certiorari in the Supreme Court of the United States after that denial. (Resp't's Mot. [11] ¶ 3.)

On July 31, 1997, Petitioner filed his first *pro se* post-conviction petition in Cook County Circuit Court. (Certified Docket Sheet [11-1], Ex. C to Resp't's Mot., at 006.) The Circuit Court dismissed that petition on October 15, 1997 (Resp't's Mot. ¶ 4), and it appears that Petitioner did not appeal the decision. *See Davies*, No. 1-09-3003, 2011 WL 10065508 (noting that the First District Appellate Court affirmed dismissal of two post-conviction petitions filed by Petitioner).

On December 3, 1997, Petitioner filed a second post-conviction petition. (2d Post-Conviction Pet. [11-1], Ex. D to Resp't's Mot., at 1-7.) Petitioner amended that petition soon after filing it by adding a challenge to one of the prosecution's witnesses, Allen Berry. (Amendment to 2d Post-Conviction Pet. [11-1], Ex. E to Resp't's Mot., at 7.) That second post-conviction petition was dismissed on February 27, 1998. (Cook Cnty. Circuit Ct. Order [11-1], Ex. F to Resp't's Mot., at 1.) The First District Appellate Court affirmed that ruling on November 20, 1998, concluding that there were no arguable bases for collateral relief. (Rule 23 Order [11-2], Ex. H to Resp't's Mot., at 1-2.) The Illinois Supreme Court denied Petitioner's ensuing PLA on October 6, 1999. (Illinois Supreme Ct. Order [11-2], Ex. I to Resp't's Mot., at 1.)

While Petitioner's PLA for the second post-conviction petition was pending, he filed a third post-conviction petition on September 2, 1999, arguing, *inter alia*, that allegedly false testimony from Allen Berry violated his constitutional rights. (3d Post-Conviction Pet. [11-2], Ex. J to Resp't's Mot. at 5-6.) The trial court dismissed that third post-conviction petition as time-barred and without merit on November 10, 1999. (Cook Cnty. Circuit Ct. Order [11-2], Ex. K to Resp't's Mot., at 1-12.) The First District Appellate Court affirmed that judgment on January 18, 2002. (Rule 23 Order [11-2], Ex. M to Resp't's Mot., at 1-7.) The Illinois Supreme Court again denied Petitioner's PLA on December 5, 2002. *People v. Davies*, 202 Ill.2d 626, 787 N.E.2d 161 (Ill. 2002) (Table).

On January 30, 2007, Petitioner attempted to file a fourth post-conviction petition, arguing, *inter alia*, that the testimony of Eric Carter, a potential witness whom Petitioner claimed the prosecution had concealed, supported an actual innocence claim. (4th Post-Conviction Pet. [11-3],

Ex. O to Resp't's Mot., at 030.)  The state trial court dismissed that petition as a "successive petition" prohibited by Illinois law and, in a thorough analysis, explained why Petitioner could not show "cause and prejudice" to justify the successive filing.  (Cook Cnty. Circuit Ct. Order [11-3], Ex. P to Resp't's Mot., at 054-060.)  The First District Appellate Court affirmed the lower court judgment on November 7, 2008 (Rule 23 Order [11-3], Ex. R to Resp't's Mot., at 1-11), and the Supreme Court of Illinois denied leave to appeal on January 28, 2009.  *People v. Davies*, 231 Ill.2d 639, 902 N.E.2d 1086 (Ill. 2009) (Table).

Shortly thereafter, on May 28, 2009, Petitioner moved for leave to file a fifth post-conviction petition (5th Post-Conviction Pet. [11-4], Ex. T to Resp't's Mot., at 029-047), and was again denied leave.  (Cook Cnty. Circuit Ct. Order [11-4], Ex. U to Resp't's Mot., at 070-076.)  This time, the court assessed costs for frivolous pleading.  (Oral Ruling Denying Leave [11-4], Ex. V to Resp't's Mot., at L-4.)  The First District Appellate Court affirmed the judgment of the lower court on March 25, 2011.  (Rule 23 Order [11-4], Ex. W to Resp't's Mot., at 1-7).  The Illinois Supreme Court denied the ensuing PLA on September 28, 2011. (Supreme Ct. Denial [11-4], Ex. X to Resp't's Mot., at 1.) Davies filed this federal petition on March 12, 2012.

## DISCUSSION

Respondent contends that Petitioner's petition for a writ of habeas corpus is barred by the one-year limitations period established in 28 U.S.C. § 2244(d)(1).  A case can be dismissed as untimely on a Rule 12(b) motion when there is no "set of facts that if proven would establish a defense" to the statute of limitations.  *Clark v. City of Braidwood*, 318 F.3d 764, 768 (7th Cir. 2003). A court may find equitable tolling of the one-year limitations period, however, if the petitioner can show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (internal quotation marks and citations omitted).  For the reasons explained here, the court concludes that the petition for writ of habeas corpus is untimely, and that

the circumstances do not support equitable tolling.

## A.    Statutory Tolling

The Petitioner's writ of habeas corpus must be denied because the one-year statute of

limitations imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") expired prior

to the petition's filing.  The AEDPA limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review
> or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action
> in violation of the Constitution or laws of the United States is removed, if the
> applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the
> Supreme Court, if the right has been newly recognized by the Supreme Court and
> made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could
> have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  The time during which a properly filed application for review is

pending does not count toward the § 2244(d) limitations period, 28 U.S.C. § 2244(d)(2), but a state

court order denying a request for collateral review for any reason "does not require the exclusion,

under § 2244(d)(2), of time that passed before the state collateral proceeding began."  *DeJesus v.*

*Acevedo*, 567 F.3d 941, 944 (7th Cir.2009).  Furthermore, time is not tolled if a post-conviction

petition is not properly filed because it is time-barred.  *Allen v. Siebert*, 552 U.S. 3, 7, 128 S.Ct. 2,

4 (2007); *see also Brooks v. Walls*, 301 F.3d 839, 841 (7th Cir. 2002) ("both aspects of a

dual-ground decision (substance and procedure) must be respected, so . . . an untimely petition is

not 'properly filed' even if the court also addresses the merits").

Here, as Respondent argues, Petitioner's conviction became final on April 29, 1997, 90 days

after the Illinois Supreme Court denied his first PLA, when the time to file a petition for a writ of

*certiorari* in the United States Supreme Court expired.  *See Jimenez v. Quarterman*, 555 U.S. 113,

119, 129 S.Ct. 681, 685 (2009) (conviction becomes final when time to file petition for writ of

*certiorari* expires if none is filed). At that point, the statute of limitations began running, and 93 days passed before Petitioner filed his first post-conviction petition in state court on July 31, 1997. The limitations period began running again after the final disposition of that claim on October 15, 1997, and was not tolled until 49 days later, on December 3, 1997, when Petitioner filed his second post-conviction petition in state court. After the final disposition of Petitioner's second post-conviction petition on October 6, 1999, the tolling period began running once more. During this time, Petitioner filed his third post-conviction petition, but that petition was not properly filed because it was time-barred. Accordingly, the time for filing was not tolled, and the one-year statute of limitations expired on May 16, 2000.

Petitioner argues that the summary dismissal of his third post-conviction petition should be considered a state-created impediment. (Pet'r's Answer to Resp't's Mot. (hereinafter "Pet'r's Answer") [17] ¶ 3.) Petitioner relies on *People v. Boclair*, a case in which the Illinois Supreme Court held that lower courts are "not authorize[d]" to dismiss a post-conviction petition during the initial stage based on untimeliness. 202 Ill. 2d 89, 99, 789 N.E.2d 734, 740 (Ill. 2002). In *Boclair*, the Illinois Supreme Court resolved a split in the state appellate courts about whether a court could summarily dismiss a post-conviction petition as untimely. *Id.* The Illinois Supreme Court's decision overturned the practice of the First District Appellate Court. *Id.* at 98-99. Accordingly, Petitioner argues that his third post-conviction petition should not have been summarily dismissed because it presented the "gist of a constitutional claim" as required to survive summary dismissal. (Pet'r's Answer ¶ 4.) Petitioner recognizes that the Illinois Supreme Court held that the *Boclair* decision does not apply retroactively in *People v. Britt-El*, 206 Ill. 2d 331, 341, 794 N.E.2d 204, 210 (2002), but he argues *Boclair* is nevertheless controlling in his case because an appeal from dismissal of his post-conviction petition was pending when the Illinois Supreme Court announced its decision in *Boclair*. (Pet'r's Reply to Resp't's Reply in Supp. of Mot. to Dismiss [19] ¶ 7.)

Whatever the merits of this argument, it makes no difference in this case. Proceedings on

Petitioner's third post-conviction petition ended in January 2002, more than ten years before

Petitioner filed this case. Even assuming that the state court erred in dismissing the third

post-conviction petition as untimely, nothing about that dismissal prevented Petitioner from filing

a claim for relief in this court. Petitioner also challenges the state courts' dismissal of his fourth

post-conviction petition, filed in 2007, citing *People v. Pitsonbarger*, 205 Ill.2d 444, 459, 793 N.E.2d

609, 621 (2002). He argues that his claim of actual innocence should have moved the court to

entertain that petition, but that, too, is irrelevant. Any errors the state courts made in that case do

not excuse the untimeliness of this one.

Petitioner finally argues that the factual predicate of his actual innocence claim, first made

in his fourth post-conviction petition, should toll the statute of limitations because it was not

discoverable until after the end of direct review. (Pet'r's Answer ¶ 5.) Petitioner's claim of actual

innocence rests on a statement from an eyewitness to the crime, Eric Carter, who asserts that he

did not see Petitioner at the crime scene. Assuming Carter's evidence was unknown to Petitioner

during his trial and could have made a difference in the outcome (though the state courts thought

otherwise),[1] that evidence does not excuse Petitioner's delay here: Carter executed an affidavit in

support of Petitioner on March 30, 2006, yet Petitioner did not file this petition until 2012.

## B.    Equitable Tolling

Petitioner argues for equitable tolling, but that argument merits little discussion. A court may

find equitable tolling of the one-year limitations period if the petitioner can show: "(1) that he has

---

[1]    Finding that Petitioner had not shown "cause and prejudice" for filing a fourth
post-conviction petition, the trial judge, Michael P. Toobin, addressed the Eric Carter evidence
and observed that Petitioner "concedes  that  he was aware  of  the  information contained in
the  affidavit  prior  to  his  trial  in  1995" and that the Carter evidence would have made no
difference in the outcome, "given the overwhelming evidence of his guilt." (Cook Cnty. Circuit Ct.
Order [11-3], Ex. P to Resp't's Mot., at 057.)

been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S. Ct. at 2562, 177 L. Ed. 2d at 130. Neither circumstance applies here. Petitioner alleges that he pursued his rights diligently in state court (Pet'r's Answer ¶ 8), but, as Respondent points out, there were large lapses of time between Petitioner's properly-filed post-conviction petitions and his subsequent improperly-filed post-conviction petitions. (Resp't's Reply [18] ¶ 13.) Even if he preferred to continue his efforts to obtain relief from the state courts by way of successive petitions, Petitioner could have preserved his habeas claim in this court by filing a protective petition here at the conclusion of his second properly-filed state post-conviction petition. (Resp't's Reply ¶ 12.) He neglected to do so, and the circumstances here do not warrant equitable tolling.

Nor does Petitioner's actual innocence claim alter the analysis. The Seventh Circuit has explained that an actual innocence claim "does not extend the time to seek collateral relief [under § 2244(d)]." *Escamilla v. Jungwirth*, 426 F.3d 868, 871 (7th Cir. 2005); *see also Griffith v. Rednour*, 614 F.3d 328, 331 (7th Cir. 2010) (declining to overrule *Escamilla*).

## CONCLUSION

Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus as untimely [11] is granted. The petition is dismissed. The court also declines to issue a certificate of appealability, as its ruling on this procedural issue of timeliness is not one that jurists of reason would find debatable. *Gonzalez v. Thayer*, ___ U.S. ___, 132 S.Ct. 641, 648, 181 L.Ed.2d 619 (2012) (citing 28 U.S.C. § 2253(c)(2)).

ENTER:

Dated: March 26, 2013

_____

REBECCA R. PALLMEYER
United States District Judge